IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DIANE HOWARD,

                Plaintiff,                            OPINION & ORDER

   v.                                                   13-cv-624-jdp

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                Defendant.

---

      Plaintiff Diane Howard seeks judicial review of a final decision of the Acting Commissioner of Social Security finding her not disabled within the meaning of the Social Security Act. Plaintiff contends, principally, that remand is warranted because the Administrative Law Judge (ALJ): (1) wrongly concluded that plaintiff was capable of performing past relevant work as a data entry worker; and (2) failed to consult with a medical expert before determining plaintiff's disability onset date. After reviewing the record in this case, the court concludes that there is insufficient evidence from which the ALJ could conclude that plaintiff's past work activities satisfied the regulatory definition of "past relevant work." The court will therefore remand this case to the Commissioner for further proceedings.

BACKGROUND

      Unless otherwise noted, the court draws the following procedural and factual background from the ALJ's written opinion. Where appropriate, the court cites to the Administrative Record, Dkt. 9, to supply additional relevant information.

      In 2005, plaintiff filed applications for supplemental security income (SSI) and disability insurance benefits (DIB). The Social Security Administration denied both applications in March 2007. A month later, plaintiff filed new applications for SSI and DIB. The Social Security

Administration denied both applications in September 2009. Two months later, plaintiff filed her current applications for SSI and DIB. Plaintiff alleged a disability onset date of September 17, 2009, and identified a number of conditions that limited her ability to work: disabling hip joint osteoarthritis, asthma, carpal tunnel, and bipolar disorder. R. 218, 223.

Plaintiff's current applications were denied both initially and on reconsideration. Plaintiff requested a hearing in front of an ALJ, which she received on April 2, 2012. During the hearing, plaintiff described her medical history and explained the limits that her pain placed on her day-to-day functioning. She stated that the last time she worked was in 2004. R. 106. When the ALJ asked if plaintiff felt that she had gotten worse gradually over the years or if there was some specific event that precipitated her decline, plaintiff responded that she had "gotten worse more since last year" (*i.e.*, since 2011).[1] R. 108.

After the hearing, the ALJ issued a written opinion denying plaintiff's application in part and granting it in part. The ALJ found that plaintiff suffers from the following severe impairments: chronic left hip pain, degenerative disc disease, and ankle pain with plantar fasciitis.[2] R. 17. Although the record contains evidence of other impediments, the ALJ determined that plaintiff's remaining alleged conditions did not result "in 12 continuous months of significant objective limitations" and were therefore "non-severe." *Id.*

The ALJ then summarized the relevant medical evidence in this case, focusing on plaintiff's back and hip conditions. Since 2007, plaintiff has complained of back pain. R. 323.

---

[1] The ALJ's decision indicates that a vocational expert was present and testified during the hearing. R. 14. But the transcript of plaintiff's hearing contains no such testimony. R. 97-108.

[2] Plantar fasciitis is a common cause of heel pain which involves inflammation of a band of tissue that runs across the bottom of the foot. *See Plantar fasciitis Definition*, Mayo Clinic, http://www.mayoclinic.org/diseases-conditions/plantar-fasciitis/basics/definition/con-20025664 (last visited Feb. 12, 2015).

X-rays taken after her initial complaints revealed mild degenerative disc disease. R. 324. Over the next few years, plaintiff's MRIs showed osteophytes at L5-S1, a disc protrusion at L4-L5, and other mild back conditions. R. 17. Treatment notes from September 2009 indicate that plaintiff's treating physician discussed hip replacement with her, but decided against it because plaintiff's pain was not "at this point." R. 559. Indeed, just a month earlier, plaintiff had reported only needing one pain pill per day. R. 553-54. But plaintiff's situation apparently worsened shortly thereafter because she underwent a total hip replacement on January 26, 2010. After the surgery, plaintiff reported increased pain and greater difficulty standing.

The ALJ determined that plaintiff's date last insured was December 31, 2009, and concluded that plaintiff had not established a disability before this date. Plaintiff had, however, established a disability beginning on January 26, 2010, the date of her hip replacement surgery. The ALJ therefore denied plaintiff's application for DIB, but granted her application for SSI. The Appeals Council denied plaintiff's request for review of the DIB determination, making the ALJ's decision the final determination of the Commissioner. On September 9, 2013, plaintiff filed a timely complaint in this court seeking judicial review of the ALJ's decision pursuant to 42 U.S.C. § 405(g).

ANALYSIS

When a federal court reviews a final decision by the Commissioner of Social Security, the Commissioner's findings of fact are "conclusive" so long as they are supported by "substantial evidence." 42 U.S.C. § 405(g). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). When reviewing the Commissioner's findings under § 405(g), the court cannot reconsider facts, re-weigh the evidence, decide questions of credibility, or otherwise

3

substitute its own judgment for that of the ALJ. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000).

Even so, a district court may not simply "rubber-stamp" the Commissioner's decision. *See Ehrhart v. Sec'y of Health & Human Servs.*, 969 F.2d 534, 538 (7th Cir. 1992). Rather, "the court must conduct a critical review of the evidence before affirming the [C]ommissioner's decision, and the decision cannot stand if it lacks evidentiary support or is so poorly articulated as to prevent meaningful review." *Hemminger v. Astrue*, 590 F. Supp. 2d 1073, 1079 (W.D. Wis. 2008) (internal citations omitted). To provide the necessary support for a decision to deny benefits, the ALJ must "build an accurate and logical bridge from the evidence to [his] conclusion." *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001).

In this case, plaintiff contends that the ALJ committed two errors. First, according to plaintiff, the ALJ incorrectly concluded that her past work as a data entry clerk qualified as "past relevant work," within the meaning of the social security regulations. Second, plaintiff asserts that the ALJ should have called on a medical expert to determine the appropriate onset date of her disability. Ultimately, the court will remand this case to the Commissioner because the record does not contain sufficient evidence from which the ALJ could determine whether plaintiff performed her past work at substantially gainful levels.

## A.  Plaintiff's past relevant work

The Social Security Administration uses a five-step method to determine whether a claimant is "disabled." 20 C.F.R. § 404.1520(a). At step four of this process, an ALJ considers a claimant's residual functional capacity and ability to perform past relevant work. *Id.* § 1520(a)(4)(iv). If a claimant can still do past relevant work, she is not disabled. *Id.* Here, plaintiff does not challenge the ALJ's conclusion that she could perform her past work as a data entry clerk; rather, she asserts that the ALJ erred in concluding that her work activity met the

4

definition of "past relevant work." Dkt. 12, at 5-9. The regulations explain that "[p]ast relevant work is work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it." 20 C.F.R. § 404.1560(b)(1). Plaintiff contends that the record does not support the second of these requirements: that her prior work as a data entry clerk qualified as "substantial gainful activity."[3]

Work activity must be both "substantial" and "gainful" to support a finding of non-disability at step four. *Id.* § 404.1572. For the first of these components, the regulations define "[s]ubstantial work activity [a]s work activity that involves doing significant physical or mental activities. Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before." *Id.* § 404.1572(a).

The record contains adequate evidence from which the ALJ could conclude that plaintiff's prior work as a data entry clerk qualified as "substantial." During a hearing in front of a different ALJ for plaintiff's 2007 application, plaintiff had testified that she worked for a mortgage loan company and, later, as a contract employee for the Air Force. R. 83-84. Plaintiff sat at a computer and entered information from physical documents into digital files. *Id.* Plaintiff testified that she was "trained" on the job for these tasks. *Id.* At the same hearing, a vocational expert classified plaintiff's work as "sedentary, semi-skilled." R. 94. From this evidence, the ALJ who presided over the hearing concluded that plaintiff's activities qualified as past relevant work (*i.e.*, as "substantial gainful activity"). R. 125.

---

[3] In her opening brief, plaintiff asserted that "the record fails to establish that *any* of these requirements are met with respect to her past work activity in 'data entry.'" Dkt. 12, at 6 (original emphasis). But after the Commissioner directed the court to record evidence that plaintiff worked as a data entry clerk from October 1996 to October 2000, Dkt. 20, at 7, plaintiff conceded that she "was guilty of some exaggeration" in her initial position. Dkt. 21, at 3. The record is clear that plaintiff worked as a data entry clerk within the 15 years preceding her current application for DIB, and was employed long enough to learn how to do the work.

In plaintiff's current application for DIB, the ALJ had the record from plaintiff's earlier applications, as well as other documentary evidence. One such piece of evidence was a 2011 application that plaintiff submitted to the Wisconsin Department of Workforce Development, in which she summarized her data entry work as "entering information on escrow and titles, completing title searches, filing and copying, contacting attorenys [sic] to certify information." R. 311. Based on plaintiff's own descriptions of her past work, the record contained sufficient information from which the ALJ could conclude that plaintiff's data entry job was "substantial." *See, e.g., Callaghan v. Shalala*, 992 F.2d 692, 695 (7th Cir. 1993) (work was "substantial" when it involved "communicating with clients, bidding on jobs, keeping records, and paying" employees).

Past work must also be "gainful," which the regulations define as "work activity that you do for pay or profit. Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized." 20 C.F.R. § 404.1572(b). This component of the inquiry focuses on the level at which a claimant performed substantial work activities. The Social Security Administration typically uses earnings guidelines to evaluate whether a claimant performed work activities at a gainful level, and the regulations establish monthly salaries that create a presumption of substantial gainful activity. In 2000, the monthly salary necessary to create such a presumption was $700. *Id.* But in this case, plaintiff's wage records were not included in the administrative record, and so there was no way for the ALJ to verify whether she earned above $700.[4] According to plaintiff, the lack of information regarding her earnings

---

[4] A "Disability Report" in the record states that plaintiff had only one job in the 15 years preceding her application. R. 225. The report indicates that plaintiff worked as a factory laborer from 1998 to 2004, and earned $380 per week. *Id.* Plaintiff's testimony during the hearing on her previous application for benefits directly contradicts this report, but the ALJ (for her current application) neither mentioned this inconsistency, nor cited the wage information in the report when he concluded that plaintiff's past work was performed at substantially gainful levels.

precluded the ALJ from finding that plaintiff performed her past work as a data entry clerk at "gainful" levels.

The regulations do not require that gainful activity be determined *only* by means of monthly earnings. In fact, the Seventh Circuit holds that "a claimant can be found to be engaging in SGA without earning *any* income." *Dotson v. Shalala*, 1 F.3d 571, 575-76 (7th Cir. 1993) (emphasis added); *see also* 20 C.F.R. § 404.1574(b)(3)(ii). Although earnings are the easiest way to evaluate the level at which a claimant performed work activities, plaintiff does not direct the court to any authority that requires remand when an ALJ uses other information to conclude that a claimant worked at gainful levels. Nor does plaintiff explain why it was unreasonable for the ALJ to infer that she performed her job as a data entry clerk at substantially gainful levels when she held the position for two years. To the extent that plaintiff asks the court to hold, as a matter of law, that an ALJ must have a claimant's earnings in the record before concluding that her past work was "gainful," plaintiff's argument is unpersuasive.

Nevertheless, the court must remand this case because the ALJ did not articulate a reason for finding that plaintiff's past work qualified as gainful activity. The ALJ correctly identified the regulatory definition of "gainful work activity," R. 15, but his step four discussion did not apply this definition to the facts of plaintiff's case. Rather, the ALJ merely wrote that

> [p]rior to January 26, 2010, the claimant was capable of performing past relevant work as a data entry. [sic] This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).
>
> In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant was able to perform it as actually and generally performed. Relative to the period prior to January 26, 2010, then, a finding of "not disabled" would be reached at the 4th sequential evaluation step.

7

R. 22-23. In this short explanation, the ALJ did not address the three elements of past relevant work, nor did he cite to record evidence to support his conclusion that plaintiff's data entry job qualified as substantial gainful activity. These omissions leave the court without a "logical bridge" between the evidence and the ALJ's conclusion. *Zurawski*, 245 F.3d at 887. The court must therefore remand plaintiff's case for further proceedings.

The ALJ's task on remand is not onerous. As the Commissioner observes in her brief, there is already evidence in the record that plaintiff performed her data entry work within 15 years of her application for benefits, and that she did this work long enough to learn how to do it. But the ALJ must further develop the record on whether plaintiff performed her job at substantially gainful levels, and then cite directly to relevant evidence if he again concludes that plaintiff's job as a data entry clerk qualified as past relevant work. Finally, although neither party raises the issue, the court notes that the ALJ also relied on evidence of plaintiff's earnings outside the context of step four. Specifically, the ALJ wrote that "[t]he claimant's earnings record shows that she has acquired sufficient quarters of coverage to remain insured through December 31, 2009." R. 15. Thus, plaintiff's earnings will be important at several steps in the reconsideration of this case, and so the ALJ should take special care to ensure that this information is included in the administrative record.

## B. Plaintiff's disability onset date

Plaintiff's second argument in support of remand is that the ALJ erred in finding a disability onset date without calling a medical expert to testify at the hearing. Having already found legitimate grounds for remand, the court need not address this issue in great detail. *See Scott v. Astrue*, 647 F.3d 734, 741 (7th Cir. 2011) ("These flaws are enough to require us to remand [and w]e therefore needn't decide whether the reasons the ALJ gave in support of her adverse credibility finding . . . were so 'patently wrong' as to separately require remand.")

(internal citations omitted); *Matton v. Colvin*, No. 12-cv-406, 2014 WL 1794573, at *6 (W.D. Wis. May 5, 2014). Because the disability onset date is important in this case, however, the court will offer some guidance.

Plaintiff's date last insured was December 31, 2009. But the ALJ found that plaintiff was not disabled until January 26, 2010, the date of her hip replacement, and so plaintiff was not entitled to an award of DIB. Plaintiff contends that the ALJ's decision was arbitrary, especially given that she underwent surgery for a degenerative condition. According to plaintiff, SSR 83-20 required the ALJ to call upon a medical expert to help establish her disability onset date. The Commissioner disagrees, arguing that SSR 83-20 simply encourages testimony from a medical expert when medical records are unavailable or if there is insufficient evidence to determine an onset date. The Commissioner is correct: SSR 83-20 does not *require* medical expert testimony in this case, and the ALJ adequately explained his reasons for concluding that January 26 was plaintiff's onset date.

For disabilities with non-traumatic origins, SSR 83-20 directs ALJs to consider a claimant's alleged onset date, her work history, and the relevant medical and non-medical evidence in the record. The ruling further advises that ALJs may need to infer an onset date in cases that involve slowly progressive impairments, but that any inference "must have a legitimate medical basis." SSR 83-20. As plaintiff emphasizes, SSR 83-20 also explains that ALJs "should call on the services of a medical advisor when onset must be inferred." *Id.* Plaintiff contends that this guidance "unambiguously require[s]" a medical expert when the ALJ must infer an onset date. Dkt. 12, at 17. In the Seventh Circuit's "view, however, the ruling imposes no such command." *Eichstadt v. Astrue*, 534 F.3d 663, 667 (7th Cir. 2008). The court of appeals notes that SSR 83-20 "describes something that the ALJ 'should' do, rather than something he or she 'must' do or 'shall' do, implying that the ultimate decision is up to the ALJ." *Id.* Thus, so

long as the ALJ was able to articulate a legitimate medical basis for an onset date, the absence of testimony from a medical expert will not automatically require remand.

In this case, the ALJ supplied a legitimate medical basis for finding that plaintiff was not disabled before January 26, although there may be room to strengthen his conclusion on remand. After providing a detailed summary of the medical evidence in the record, the ALJ acknowledged that "[t]he challenge . . . is to document a date—if one exists, at which time the severity of claimant's subjective pain complaints are better supported by objective signs and laboratory findings." R. 22. The ALJ then pointed directly to objective medical evidence showing that plaintiff's condition was stable through the date of her hip replacement surgery. *Id.* The ALJ reinforced his conclusion that January 26 was the critical date by discussing that after her surgery, plaintiff sought treatment for increased pain, suffered from a bowel obstruction, and had greater difficulty standing. *Id.*

Plaintiff directs the court to various medical records from between September 17, 2009, and January 26, 2010, and contends that the ALJ overlooked this evidence in determining her onset date.[5] For example, plaintiff notes that she was scheduled for her hip replacement on December 18, 2009, two weeks before her date last insured. R. 597. There is also evidence in the record that plaintiff was reporting pain and other symptoms before her hip replacement, R. 960, but the ALJ did not discuss this evidence when he determined plaintiff's onset date. An ALJ's decision does not need to "discuss every piece of evidence in the record [but it] may not ignore an entire line of evidence that is contrary to the ruling." *Golembiewski v. Barnhart*, 322 F.3d 912, 917 (7th Cir. 2003) (internal citations omitted). Because the evidence that plaintiff

---

[5] Plaintiff also directs the court to medical evidence from earlier in 2009. But the ALJ found that plaintiff's prior denied application for disability benefits precluded him from finding that plaintiff was disabled before September 17, 2009. R. 14.

10

identifies could be relevant to her onset date, the ALJ should strengthen his decision by acknowledging these medical reports and explaining why the record nevertheless supports his conclusion that plaintiff was not disabled until the date of her hip surgery. Of course, the ALJ may also find that this evidence supports an earlier onset date in this case.

ORDER

IT IS ORDERED that the decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, denying plaintiff Diane Howard's application for disability benefits is REVERSED AND REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion. The clerk of court is directed to enter judgment for plaintiff and close this case.

Entered February 12, 2015.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge